1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6        FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

**United States District Court**
For the Northern District of California

8   LOREEN ZELLER,                           No. C 05-4316 SI

9                                            **ORDER DENYING MOTION TO
                Plaintiff,                   DISMISS PLAINTIFF'S SECOND CAUSE
10       v.                                  OF ACTION**

11  LIBERTY LIFE ASSURANCE COMPANY OF
    BOSTON,
12
                Defendant.
13  _____/

14

15          On December 22, 2005, defendant Liberty Life Assurance Company of Boston filed a motion

16  to dismiss plaintiff's Second Cause of Action.  The Court deems this matter appropriate for submission

17  without oral argument pursuant to Civil Local Rule 7-1(b).  Having carefully considered the papers

18  submitted, the Court hereby DENIES defendant's motion for the reasons set forth below.  The hearing

19  set for February 24, 2006 is hereby VACATED.

20

21                              **BACKGROUND**

22          Plaintiff Loreen Zeller was employed as a chemist by the University of California ("UC").  As

23  an employee of UC, she was covered by UC's group disability income insurance policy ("Policy"),

24  issued by defendant Liberty Life Assurance Company of Boston.  The policy provided  that should

25  Zeller become disabled she would be paid approximately $3,800 per month until she was able to return

26  to work or until she turned 65 in August 2023.

27

28

The complaint alleges that in 2003, as the result of an illness, Zeller became disabled.[1] Defendant paid long term disability benefits to Zeller under the Policy through September 14, 2005. At that time, despite no change in Zeller's medical condition, defendant terminated benefits to Zeller. Compl. at ¶ 8.  On October 24, 2005, Zeller filed a complaint against defendant, based on the premature termination of her disability benefits.  She alleged bad faith in terminating her benefits, intentional infliction of emotional distress, and breach of contract.  Defendant now moves to dismiss the second cause of action, intentional infliction of emotional distress.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986).  The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher*, 828 F.2d at 561.  Even if the face of the complaint suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings.  *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

---

[1]  As this is a motion to dismiss pursuant to Rule 12(b)(6), the facts cited by the plaintiff are presumed true.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**DISCUSSION**

An intentional infliction of emotional distress tort claim must include the following four elements: "(1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; (4) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 852 (9th Cir. 2004) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593(Cal. 1979)); *Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376, 394 (Cal. Ct. App. 1970).

Defendant argues that plaintiff has failed to allege either that defendant's conduct was extreme or outrageous, or that plaintiff's emotional distress was severe or extreme.  The Court disagrees and finds that at the pleading stage, the current allegations are adequate to state a claim.

**1.      Extreme and outrageous conduct**

Plaintiff alleges that defendant's conduct was extreme and outrageous because defendant: (1) shopped for a medical consultant who would arbitrarily reject all previous opinions by plaintiff's previous health care providers; (2) used the defendant-friendly medical consultant to alter plaintiff's rights under the Policy although there was no change in plaintiff's condition; and (3) intentionally deprived plaintiff of her financial security in order to coerce plaintiff to settle for less money than what she is entitled to under the Policy.  Compl. at ¶¶ 14-15.

In order for conduct to be considered outrageous in the intentional infliction of emotional distress context, "[c]onduct [] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (Cal. 1979).  This standard sets a very high bar; a California court emphasized this point when it stated, "it is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 852 (9th Cir. 2004) (internal quotation marks and cites omitted). However, this "rule is of course easy to state but only can be applied with certainty in light of the

3

**United States District Court**

For the Northern District of California

1   holdings in decided cases which have determined that the questioned conduct before them was or was

2   not outrageous." *Soto v. Royal Globe Ins. Co.*, 184 Cal. App. 3d 420 (Cal. Ct. App. 1986).

3          Two California Courts have found that a plaintiff could bring an action for intensional infliction

4   of emotional distress based upon wrongful termination of disability benefits:  *Little v. Stuyvesant Life*

5   *Insurance Company*, 67 Cal. App. 3d 451 (Cal. Ct. App. 1977), and *Fletcher v. Western National Life*

6   *Insurance Company*, 10 Cal. App. 3d 376 (Cal. Ct. App. 1970).  *Little* involved a draftsman who was

7   collecting disability benefits from a policy sponsored by a trade association.  In order to receive benefits

8   for life, plaintiff had to show that she had certain severe medical conditions, and there was

9   overwhelming evidence that plaintiff was in fact totally disabled.  *Little*, 67 Cal. App. 3d at 456.

10  However defendant terminated plaintiff's benefits when one doctor opined, without adequate

11  information, that plaintiff was not totally disabled.  *Id.* at 459.  The court reasoned that this behavior

12  could be outrageous given that "defendant purposely ignored the great bulk of the medical information

13  it had and withheld that information from the physicians it selected to examine plaintiff and that it

14  sought only to justify its predetermined course of discontinuing disability benefit payments justly due

15  plaintiff under the policy."  *Id.* at 462.

16          In *Fletcher*, plaintiff filed a claim for benefits under his disability insurance after he was severely

17  injured.  *Fletcher*, 10 Cal. App. 3d 376, 386.  Defendant insurance company decided to wrongly classify

18  this claim as a sickness rather than an injury to minimize plaintiff's claim.  *Id.* at 388.  Then to further

19  harm the plaintiff, defendant:

20          without probable cause for believing that plaintiff had made an intentional material
        misrepresentation or that his disability was due to anything other than his injury []
21      embarked upon a concerted course of conduct to induce plaintiff to surrender his
        insurance policy or enter into a disadvantageous "settlement" of a nonexistent dispute
22      by means of false and threatening letters and the employment of economic pressure
        based upon his disabled and, therefore impecunious, condition.
23

24  *Id.* at 392.  This conduct as a whole, defendant conceded, was outrageous conduct in the context of an

25  intentional infliction of emotional distress claim.  *Id.* at 394.

26          These cases are consistent with the observation of California courts that the "major motivation

27  for obtaining disability insurance [in contrast to car insurance] is to provide funds during periods when

28  the ordinary source of the insured's income -- [her] earnings -- has stopped.  The purchase of such

4

United States District Court

For the Northern District of California

1    insurance provides peace of mind and security in the event the insured is unable to work." *Egan v.*

2    *Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 819 (Cal. 1979).  Further, "[s]usceptibility of the plaintiff

3    to emotional distress and a defendant's awareness thereof, have often been mentioned as significant in

4    determining liability." *Fletcher*, 10 Cal. App. 3d at 398.  It is in this context, not the context of other

5    types of insurance policies, that plaintiff's allegations must be evaluated.

6          Defendant argues that its conduct is not outrageous because courts have held that conduct

7    proscribed in California Insurance Code § 790.03 in itself does not constitute the type of outrageous

8    conduct that would support an intentional infliction of emotional distress cause of action.  *Lee v.*

9    *Travelers Companies*, 205 Cal. App. 3d 691, 694-695 (Cal. Ct. App. 1988).  Defendant reasons that

10   since its alleged outrageous conduct is the same as some activities proscribed by California Insurance

11   Code § 790.03, then the conduct is not outrageous as a matter of law.  Cal. Ins. Code § 790.03.  None

12   of the cases defendant cites, however, sufficiently parallel the disability claim situation here, either

13   factually or procedurally.[2]

14         Applying *Little* and *Fletcher* here, plaintiff has properly alleged outrageous conduct in

15   paragraphs 11, 14 and 15 of the complaint.  In those paragraphs plaintiff states that the defendant acted

16   on one opinion that supported termination of disability benefits and ignored or rejected the many other

17   opinions and information that supported continuing disability benefits.  It is a reasonable inference that

18   defendant acted in this way to "justify its predetermined course of discontinuing disability benefit

19   _____

20         [2]   *See Paulson v. State Farm Mut. Auto. Ins. Co.*, 867 F. Supp. 911, 914 (C.D. Cal. 1994)

21   (involving automobile insurance claim for minor injuries); *Coleman v. Republic Indemnity Ins. Co.*, 132
     Cal. App. 4th 403, 418 (Cal. Ct. App. 2005) (involving automobile insurance claim for minor injuries);

22   *Zakeosian v. Provident Life & Accident Insurance Company*, 1998 U.S. Dist. LEXIS 7201 (E.D. Pa.
     1998) (involving disability insurance in which plaintiff refused to sign an authorization for the release

23   of the records of his treating psychiatrist, which was necessary in order to continue receiving benefits);
     *Magee v. Paul Revere Life Insurance Company*, 954 F. Supp. 582, 586 (E.D. N.Y. 1997) (involving

24   disability insurance in NY, a jurisdiction where the courts are "extremely strict in applying these
     principles," from Restatement of Torts, Second and every claim for intentional infliction of emotional

25   distress, that the court reviewed, failed because the conduct alleged was not sufficiently outrageous);
     *Phelps v. Provident Life & Accident Ins. Co.*, 60 F. Supp. 2d 1014 (C.D. Cal. 1999) (involving disability

26   insurance, intentional infliction of emotional distress claim dismissed on summary judgment because
     there was no showing that "defendant purposely ignored the great bulk of the medical information"as

27   plaintiff pleaded); *Crenshaw v. Mony Life Ins. Co.*, 2004 U.S. Dist. LEXIS 9883 (D. Cal. 2004)
     (involving disability insurance, intentional infliction of emotional distress claim dismissed on summary

28   judgment because no showing that plaintiff suffered any severe emotional distress).

5

**United States District Court**
For the Northern District of California

payments justly due plaintiff." *Little*, 67 Cal. App. 3d at 462.  Furthermore plaintiff alleges in paragraph 15 that defendant's had a corporate plan to wrongfully deny benefits, force needless lawsuits and spawn disadvantageous settlements.  After construing all inferences in plaintiff's favor, and recognizing that this preliminary evaluation is on the pleadings only, Court finds plaintiff has sufficiently alleged extreme or outrageous conduct.

**2.      Severe or extreme emotional distress**

Plaintiff alleges that defendant's actions are causing plaintiff "great emotional and financial distress, not only by rendering her unable to pay her bills in timely fashion, but because the actions of the defendants have aggravated the financial stress and loss of security attendant to her already existing disability and thereby her ability to recover from her illness."  Compl. at ¶ 17.  Further, plaintiff also alleges that she is suffering stress from being forced to consider litigation to settle her claim.  *Id.* at ¶ 15.

Defendant argues that plaintiff's conclusory allegations are insufficient.  However, although plaintiff's allegations of emotional distress are minimal, given the early stage of the proceedings the Court believes that they are sufficient.  *See Fletcher, supra*, 10 Cal.App.3d at 396-398.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss the second cause of action.  (Docket #4.)

**IT IS SO ORDERED.**

Dated: February 23, 2006

SUSAN ILLSTON
United States District Judge